UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER GARCIA, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No. 3:20-CV-3194-X-BH |
| THE DELTA COMPANIES, | § § § | |
| *Defendant*. | § § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Peter Garcia claims that The Delta Companies ("Delta"), a medical recruitment company, discriminated against him based on his age, defrauded him, and defamed him. Both parties moved for summary judgment. On February 24, 2023, the United States Magistrate Judge recommended that the Court deny Garcia's *Motion for Summary Judgment* and grant Delta's *Motion for Summary Judgment*. [Doc. 108]. On March 8, 2023, Garcia filed an *Amended Summary Judgment Motion* [Doc. 111], which the Magistrate Judge liberally construed as Garcia's objections to the Magistrate Judge's recommendation [Doc. 112]. Garcia objects to the recommendation on roughly five grounds.

First, on his age-discrimination claim, Garcia treats Delta's motion for summary judgment as a motion to dismiss, claiming that "the requirements for establishing a prima facie case under *McDonnell Douglas*" do not "apply to the

1

pleading standard that [Garcia] must satisfy in order to survive a motion to dismiss."[1] But the Magistrate Judge considered Delta's summary-judgment motion—not any motion to dismiss. So Garcia cites the wrong standard.

Second, on Garcia's defamation claim, although the Magistrate Judge concluded that the allegedly defamatory statement—that Garcia is "hard to reach"—was an opinion, Garcia asserts that it's not an opinion because it is objectively verifiable.[2] One could verify whether Garcia was hard to reach, the argument goes, by examining Delta's communications with Garcia.

But even supposing, for argument's sake, that that statement "*is* verifiable as false, it [would still] not give rise to liability if the entire context in which it was made discloses that it is merely an opinion masquerading as a fact."[3] Here, the Magistrate Judge rightly considered the context of the statement, and Garcia fails even to address that context test.[4] In any event, it's clear that the Magistrate Judge got it right. To determine whether a statement is defamatory, courts ask whether the

---

[1] Doc. 111 at 5. Garcia also says that the Court "must disregard all evidence favorable to the moving party" and should "highlight[] the issues to be resolved for the [pro se] Plaintiff." *Id.* at 3, 4. Those objections likewise fail because this case involved a motion for summary judgment, not a motion to dismiss.

[2] *Id.* at 12. Garcia also claims that "[t]here is not record [*sic*] to demonstrate" that he was, in fact, hard to reach. *Id.* at 16. He also claims that Delta's allegedly defamatory statement caused him damage because "he received no further consideration of [*sic*] the Medical Director position." *Id.* at 13. But regardless of whether Garcia was hard to reach or whether he was damaged, Garcia's defamation claim still fails because it's premised on a statement of opinion—not a verifiable fact.

[3] *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018) (cleaned up).

[4] *See* Doc. 108 at 22 ("[G]iven **the entire context** in which it was made, Recruiter's statement that Plaintiff was hard to reach is not objectively verifiable as false." (emphasis added)).

statement could "reasonably [be] interpreted as stating actual facts."⁵  Here, no reasonable interpreter could say that the Delta representative conveyed an actual fact in saying that Garcia was "hard to reach."  Specifically, the opinion stems from the adjective "hard."  What constitutes "***hard*** to reach"?  Missing three phone calls?  Missing four?  Five?  On top of any objectively verifiable facts—like the number of calls Garcia missed—the speaker must layer his own opinion about the amount of missed phone calls that renders a person "hard to reach."  Thus, although the Delta representative didn't preface his statement with "I think" or "In my opinion," his statement, viewed in the context of a communication between a recruiter and a client company, "is merely an opinion masquerading as a fact," so it's not defamatory.⁶

Third, although the Magistrate Judge concluded that Garcia's fraud claim was premised only on his "vague and unsupported" recitation of the elements,⁷ Garcia now provides various factual assertions in support of that claim.  But, as the Magistrate Judge recently found, its "FCR **did not** grant the plaintiff leave to file an additional amended complaint," and Garcia "has not requested or been granted leave to file another amended complaint."⁸  Accordingly, Garcia may not attempt to salvage his fraud claim only after he came up short in the Magistrate Judge's recommendation, which itself already liberally construed Garcia's allegations.

---

⁵ *Tatum*, 554 S.W.3d at 639 (cleaned up).

⁶ *Klocke v. Watson*, 597 F. Supp. 3d 1019, 1031 (N.D. Tex. 2022) (McBryde, J.) (cleaned up), *aff'd*, No. 22-10348, 2023 WL 2549762 (5th Cir. Mar. 17, 2023).

⁷ Doc. 108 at 25.

⁸ Doc. 112 at 1.

Fourth, Garcia decries a slew of supposedly "willful misrepresentations" by attorneys in this case.[9] But Garcia doesn't explain how any of those alleged misrepresentations caused the Magistrate Judge to err. And although Garcia bemoans the Magistrate Judge's failure to expressly consider a "comparison" between Garcia and the person who ultimately got the job, he concedes that he "does no [sic] need to demonstrate that the person hired was unqualified."[10] Having considered the comparison and the remainder of the alleged misrepresentations at issue, the Court finds no error in the Magistrate Judge's recommendation.

Fifth, after Garcia's initial job application—sent through Delta—was rejected, Garcia sent a second application directly to the medical company. In addressing Garcia's age-discrimination claim, the Magistrate Judge noted that, before that second application, Garcia had attempted to distance himself from Delta by, *inter alia*, failing to "authorize the release of . . . his CV" to potential employers and "unsubscrib[ing] to emails from" Delta.[11] Garcia avers that the Magistrate Judge erred in concluding that he "withdr[e]w[] consent . . . for Delta to refer his CV to interested employers."[12] But even setting aside the issue of consent, Garcia agrees that he submitted his second application directly to the medical company—not to Delta. So he still doesn't provide any evidence that "he asked or expected [Delta] to

---

[9] Doc. 111 at 15–17.

[10] Doc. 108 at 17 (cleaned up).

[11] Doc. 111 at 12.

[12] *Id.* at 12.

4

refer him for employment" for his second application.[13] Thus, his age-discrimination claim fails.

Accordingly, the Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge. The Court therefore **DENIES** Garcia's *Motion for Summary Judgment* [Doc. 73] and **GRANTS** Delta's *Motion for Summary Judgment* [Doc. 79]. The Court will enter judgment via a separate order.

**IT IS SO ORDERED** this 22nd day of March, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[13] *Champlin v. Experis US, Inc.*, No. 4:16-CV-421, 2017 WL 635563, at *3 (S.D. Tex. Feb. 16, 2017).