IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER GARCIA, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 3:20-CV-3194-X-BH |
| | § | |
| THE DELTA COMPANIES, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's *Motion to Recuse the Honerable [sic] Irma Carrillo Ramirez*, filed April 12, 2023 (doc. 117), is **DENIED**.

In this *pro se* age discrimination lawsuit, Peter Garcia (Plaintiff) sued a medical recruitment firm for allegedly making false statements about him to its client, which then rejected him for employment. On February 4, 2023, it was recommended that the defendant's motion for summary judgment be granted, and that Plaintiff's cross-motion for summary judgment be denied. (*See* doc. 108.) The recommendation was accepted, and judgment was entered against Plaintiff on March 22, 2023. (*See* docs. 113, 114.) Plaintiff now seeks recusal of the assigned magistrate judge "from the attorney fees aspect of this case", alleging bias and prejudice against him.

A judge is required to stand recused "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To merit recusal, the movant "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). Adverse rulings do not render the judge biased, however. *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required . .

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

. when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994).

Here, the plaintiff does not cite any relevant, extrajudicial information that would cause a reasonable person, knowing all the circumstances, to question the impartiality of the assigned magistrate judge.  The motion appears to be based on adverse rulings.  As noted, adverse rulings do not render a judge biased. Because it presents no valid grounds for recusal, the motion for recusal is **DENIED**.

**SO ORDERED** on this 13th day of April, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE