### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| PETER GARCIA, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:20-CV-3194-X-BH |
| | § | |
| THE DELTA COMPANIES, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based upon the relevant filings and applicable law, *Plaintiffs' [sic] Motion for Reconsideration*, filed April 2, 2023 (doc. 115), should be **DENIED**.

## I. BACKGROUND

In this *pro se* age discrimination lawsuit, Peter Garcia (Plaintiff) sued The Delta Companies (Defendant), a medical recruitment firm, for allegedly making false statements about him to its client, which then rejected him for employment. (doc. 3 at 12.)[2] He asserted claims for defamation, fraud, and discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (*See id.* at 6-9.) Defendant answered and counterclaimed for attorney's fees. (*See* doc. 9.) After both parties moved for summary judgment, it was recommended that Defendant's motion for summary judgment be granted, and that Plaintiff's cross-motion for summary judgment be denied. (*See* doc. 108.) Over Plaintiff's objections, the recommendation was accepted, and judgment was entered against him on March 22, 2023. (*See* docs. 111, 113, 114.)

## II. MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of the dismissal of his case under Rule 59(e) and Rule

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

60(b) of the Federal Rules of Civil Procedure. (*See* doc. 115.)

As noted by the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n. 14 (5th Cir.1994). Where a motion for reconsideration challenges a final judgment, as here, it is treated either as a motion to alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Because Plaintiff filed his motion seeking a change in judgment within 28 days of the entry of the judgment, the motion is properly construed as arising solely under Rule 59(e). *See Sentry Select Ins. Co. v. Home State Cnty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) ("If the motion is served within [the window provided by Rule 59(e) ], the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."); *see, e.g., Davila v. Walmart Stores, Inc.*, No. 3:15-CV-2874-D, 2017 WL 1509303, at *1 (N.D. Tex. Apr. 27, 2017) ("Because Davila filed this motion within 28 countable days of the date the judgment was entered, the court will consider it under the less onerous Rule 59(e) standard.").

## III.  RULE 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing

evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff argues that there were manifest errors of law and fact because (1) he was granted leave to amend his complaint but the case was dismissed before he could file an amended complaint, (2) the wrong legal standard was used when considering the motions for summary judgment, and (3) multiple genuine issues of fact are present in this case. (*See* doc. 38.) He previously asserted these same arguments in his objections to the recommendation, however. (*See* doc. 111.) Rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show entitlement to relief under Rule 59(e). *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (explaining that a Rule 59(e) motion cannot be used to repeat old arguments previously considered and rejected).[3]

Citing 28 U.S.C. § 455(a), Plaintiff also argues that the district court judge and the assigned magistrate judge were impartial and biased against him because of his status as "a deaf Pro Se litigant." (doc. 115 at 16-17.) Section 455(a) provides that "[a]ny justice, judge, or magistrate judge

---

[3]Plaintiff attaches a copy of an email to his motion, but he does not state whether it is new evidence, and if so, why it was not previously available. (*See* doc. 115-1.) The Fifth Circuit has consistently held that "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479. Even if the email was not previously available and is now considered, Plaintiff has not shown how it would result in a different judgment.

of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Adverse rulings do not render the judge biased, however. *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). "Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Other than the adverse rulings in this case, Plaintiff does not cite any relevant, extrajudicial information that would cause a reasonable person, knowing all the circumstances, to question the impartiality of either the district court judge or the assigned magistrate judge.

Plaintiff has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. *See Schiller*, 342 F.3d at 567.[4] Accordingly, he has provided insufficient grounds to justify relief under Rule 59(e).

## IV. RECOMMENDATION

Plaintiff's motion for reconsideration should be **DENIED**.

---

[4]Plaintiff's reply includes a copy of the emails between him and Defendant's counsel about discovery matters in this case. (*See* doc. 120 at 32-33.) The Local Civil Rules for the Northern District of Texas do not permit the filing of evidence in support of a reply. *See* L.R. 7.1(f) (permitting the filing of a reply brief). A movant is not ordinarily permitted to introduce new evidence in support of a reply because such action deprives the non-movant of a meaningful opportunity to respond. *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-240 (N.D. Tex. July 10, 1991). The emails are therefore not considered. *See id.* at 240 ("[W]here a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court [ ] retains the discretion to decline to consider them."). Even if considered, the recommended outcome would remain the same.

**SO RECOMMENDED** on this 18th day of September, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5